UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JOHNNY TIPPINS,

                Petitioner,              Case No. 1:21-cv-172

v.                                Honorable Paul L. Maloney

LES PARISH,

                Respondent.

_____/

## **OPINION**

        This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

<u>**Discussion**</u>

## I.      Factual allegations

Petitioner Johnny Tippins is incarcerated with the Michigan Department of Corrections at the Oaks Correctional Facility (ECF) in Manistee, Manistee County, Michigan.  On January 23, 2019, following a one-day jury trial in the Chippewa County Circuit Court, Petitioner was convicted of possessing a weapon as a prisoner, in violation of Mich. Comp. Laws § 800.2834. On February 26, 2019, the court sentenced Petitioner as a fourth habitual offender, Mich. Comp. Laws § 769.12, to a prison term of 4 to 20 years, to be served consecutively to the sentences he was serving at the time he committed the weapon possession offense.

On February 19, 2021, Petitioner filed his habeas corpus petition raising one ground for relief, as follows:

> I.      Petitioner's constitutional rights were violated by a search based on unvalidated, incorrect information in an anonymous tip.  Evidence seized as a result of [the] search should be suppressed as fruit of [the] poisonous tree.

(Pet., ECF No. 1, PageID.6.)

The Michigan Court of Appeals described the facts underlying Petitioner's prosecution as follows:

> Defendant was a prisoner at the Chippewa Correctional Facility serving a sentence of 26 to 50 years' imprisonment for second-degree murder.  On December 13, 2017, Assistant Resident Unit Supervisor (ARUS) Jeff Clark received a note from an anonymous prisoner stating that defendant was carrying a weapon in the crotch area of his pants.  ARUS Clark turned the note over to Correctional Officer Jeffrey Jenkins and accompanied him to supervise a possible strip search of defendant.  The officers pulled defendant aside to an isolated area on his way to lunch and asked him if he was carrying a weapon.  Defendant voluntarily pulled a belt tied around a padlock out of the front of his pants and turned it over to the officers.  The padlock was labeled with defendant's prison ID number, #342855.

> The next day, Officer Jenkins filled out a critical incident report, which stated: "I received a [note] from an unknown prisoner stating the [sic] Tippins 661668 was carrying a lock on a belt inside the front of his pants."  Officer Jenkins acknowledged that the ID number in his report did not match defendant's ID

2

number and that what he wrote was a clerical error.  He testified that he did not
remember if the note identified defendant by any number.  Both officers testified
that they did not know what happened to the note, but believed that it had likely
been destroyed because correctional officers generally do not keep such notes.  A
detective with the Michigan State Police misspelled defendant's name and repeated
the incorrect ID number in his incident report.  Defendant argues that the note itself
contained these mistakes.

Defendant argues that the correctional officers violated his constitutional
right against unreasonable search and seizure because the anonymous, incorrect,
and unsubstantiated tip did not give officers enough reasonable suspicion to search
defendant.  Therefore, defendant argues, evidence of the weapon seized as a result
of the search should be suppressed as fruit of the poisonous tree.

(Mich. Ct. App. Op., ECF No. 1-2, PageID.34–35.)  "The facts as recited by the Michigan Court

of Appeals are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1)."  *Shimel v.*

*Warren*, 838 F.3d 685, 688 (6th Cir. 2016).  Although Petitioner disagrees with the testimony the

officers provided, his habeas claim does not suggest that the court of appeals' description of the

officers' testimony is inaccurate.

Petitioner moved to suppress the belt/lock weapon as the fruit of an unlawful

search.  The trial court denied that relief.  (Mot. Hr'g Tr., ECF No. 1-2, PageID.66–69.)  Petitioner

filed an application for leave to appeal that decision.  *See* https://courts.michigan.gov/

opinions_orders/case_search/pages/default.aspx?SearchType=1&CaseNumber=346831&CourtT

ype_CaseNumber=2 (visited Feb. 26, 2021).  On the eve of trial, the court of appeals denied leave

*People v. Tippins*, No. 346831 (Mich. Ct. App. Jan. 22, 2019).

After trial and sentencing, Petitioner filed an appeal to the Michigan Court of

Appeals raising the same issue he raises in his habeas petition.  (Pet'r's Appeal Br., ECF No. 1-1,

PageID.16.)  The court of appeals denied relief and affirmed the trial court.  Petitioner then sought

leave to appeal to the Michigan Supreme Court, raising the same issue he raised in the court of

appeals.  (Pet'r's Appl. for Leave to Appeal, ECF No. 1-2, PageID.39.)  The supreme court denied

leave by order entered July 28, 2020.  (Mich. Order, ECF No. 1-2, PageID.33.)  Petitioner did not

file a petition for certiorari in the United States Supreme Court.  (Pet., ECF No. 1, PageID.3.) Instead, he filed this petition.

## II.      AEDPA standard

The AEDPA "prevent[s] federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law.  *Bell v. Cone*, 535 U.S. 685, 693–94 (2002).  An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d).  "Under these rules, [a] state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision."  *Stermer v. Warren*, 959 F.3d 704, 721 (6th Cir. 2020) (quoting *Harrington v. Richter*, 562 U.S. 86, 101 (2011) quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)) (internal quotation marks omitted).  This standard is "intentionally difficult to meet."  *Woods v. Donald*, 575 U.S. 312, 316 (2015) (internal quotation omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court.  28 U.S.C. § 2254(d).  This Court may consider only the holdings, and not the dicta, of the Supreme Court.  *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001).  In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts.  *Williams*, 529 U.S. at 381–82; *Miller v. Straub*, 299 F.3d 570, 578–79 (6th Cir. 2002).  Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court.

*Greene v. Fisher*, 565 U.S. 34, 37–38 (2011).  Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits.  *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 565 U.S. at 38).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts.  *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405–06).  "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 575 U.S. at 316 (quoting *Harrington*, 562 U.S. at 103).

Determining whether a rule application was unreasonable depends on the rule's specificity.  *Stermer*, 959 F.3d at 721.  "The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Yarborough*, 541 U.S. at 664.  "[W]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims."  *White v. Woodall*, 572 U.S. 415, 424 (2014) (internal quotations omitted).

The AEDPA requires heightened respect for state factual findings.  *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998).  A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011) (en banc); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey*, 271 F.3d at 656.  This

presumption of correctness is accorded to findings of state appellate courts, as well as the trial court.  *See Sumner v. Mata*, 449 U.S. 539, 546–547 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

Section 2254(d) limits the facts a court may consider on habeas review.  The federal court is not free to consider any possible factual source.  The reviewing court "is limited to the record that was before the state court that adjudicated the claim on the merits."  *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).  "If a review of the state court record shows that additional fact-finding was required under clearly established federal law or that the state court's factual determination was unreasonable, the requirements of § 2254(d) are satisfied and the federal court can review the underlying claim on its merits.  *Stermer*, 959 F.3d at 721 (citing, *inter alia*, *Brumfield v. Cain*, 576 U.S. 305 (2015), and *Panetti v. Quarterman*, 551 U.S. 930, 954 (2007)).

If the petitioner "satisfies the heightened requirements of § 2254(d), or if the petitioner's claim was never 'adjudicated on the merits' by a state court 28 U.S.C. § 2254(d), AEDPA deference no longer applies."  *Stermer*, 959 F.3d at 721.  Then, the petitioner's claim is reviewed *de novo*.  *Id*. citing *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003).

## III.   Discussion

In his sole ground for habeas relief, Petitioner contends that belt/lock weapon he handed over to the officers should have been suppressed because it was obtained in violation of the Constitution.  Petitioner's claim is barred by the doctrine of *Stone v. Powell*, 428 U.S. 465 (1976); *see also McQueen v. Scroggy*, 99 F.3d 1302, 1332 (6th Cir. 1996) (noting that it is well-settled that *Stone v. Powell* bars Fourth Amendment claims).  In *Stone v. Powell*, the Supreme Court held that federal habeas review is not available to a state prisoner alleging that his conviction rests on evidence obtained through an unconstitutional search or seizure, as long as the state has

6

given the petitioner a full and fair opportunity to litigate the Fourth Amendment claim.  *Id.*; *see also Rashad v. Lafler*, 675 F.3d 564, 570 (6th Cir. 2012).

In order for the rule of *Stone v. Powell* to apply, the state must have provided, in the abstract, a mechanism by which to raise the Fourth Amendment claim, and the presentation of the claim in the case before the court must not have been frustrated by failure of that mechanism. *See Gilbert v. Parke*, 763 F.2d 821, 823 (6th Cir. 1985).  If these two inquiries are satisfied, federal habeas review of the Fourth Amendment claim is precluded, even if the federal court deems the state-court determination of the claim to have been in error.  *Id.* at 824.  However, the Court does not deem the state court's determination to be in error here.

In the present case, Petitioner cannot satisfy either prong of the *Stone v. Powell* standard.  First, it is beyond dispute that Michigan has a state procedural mechanism that presents a defendant a full opportunity to raise a Fourth Amendment claim before trial.  Even before the United States Supreme Court decided that the federal exclusionary rule applied to state criminal proceedings, the Michigan courts applied the exclusionary rule to the fruits of unconstitutional searches and seizures.  *See People v. Margelis*, 186 N.W. 488 (Mich. 1922).  After *Mapp v. Ohio*, 367 U.S. 643 (1961), the Michigan courts consistently have acknowledged their duty, under both the federal and state constitutions, to suppress evidence seized in violation of the Fourth Amendment.  *See, e.g., People v. David*, 326 N.W.2d 485, 488 (Mich. Ct. App. 1982).  Consequently, Michigan affords criminal defendants a vehicle by which to raise Fourth Amendment challenges.

Second, to satisfy the remaining prong of *Stone v. Powell*, Petitioner must allege facts showing that the state corrective mechanism has somehow broken down.  *See, e.g., Agee v. White*, 809 F.2d 1487, 1490 (11th Cir. 1987) (habeas review not barred when state appellate court

7

completely ignored Fourth Amendment claim).  The Sixth Circuit pointedly has held that the doctrine of *Stone v. Powell* applies, even if the federal court deems the state-court determination of the Fourth Amendment claim to have been in "egregious error." *Gilbert*, 763 F.2d at 824 (citing *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982)).

Petitioner has not alleged any facts showing that the state's mechanism has broken down.  Rather, it is clear that the Michigan courts gave Petitioner's Fourth Amendment claim full and proper consideration. Petitioner has attached to his petition the transcript of the state-court evidentiary hearing on his motion to suppress evidence.  The transcript demonstrates that the trial court fully and thoughtfully considered Petitioner's motion to suppress.  The Michigan Court of Appeals reviewed Petitioner's Fourth Amendment issue on appeal and determined that it lacked merit.  Petitioner applied for leave to appeal to the Michigan Supreme Court, which denied his application.  Therefore, even if this Court were to disagree with the determination of the Michigan courts—and it does not—that disagreement would be insufficient to satisfy the second prong of the Sixth Circuit standard. *Gilbert*, 763 F.2d at 824.

Because Petitioner has failed to demonstrate either prong of *Stone v. Powell*, his claim of illegal search and seizure is barred on habeas review and his petition is properly dismissed.

## IV.     Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.*  Each issue must be considered under the standards set forth

by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000).  *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.*  "A petitioner satisfies this standard by demonstrating that . . . jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims.  *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claim was debatable or wrong.  Therefore, the Court will deny Petitioner a certificate of appealability.  Moreover, for the same reasons Petitioner has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court concludes that any issue Petitioner might raise on appeal would be frivolous.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## <u>Conclusion</u>

The Court will enter a judgment dismissing the petition and an order denying a certificate of appealability.

Dated:   <u>March 3, 2021</u>                         /s/ Paul L. Maloney
                                                                Paul L. Maloney
                                                                United States District Judge